### PANHANDLE & S. F. RY. CO. v. ROSS.
### No. 13074.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 14, 1934.

Rehearing Denied Jan. 18, 1935.

428

Wren, Pearson & Jeffrey and Thompson & Barwise, all of Fort Worth, for appellant.

C. A. Wright, of Fort Worth, for appellee.

LATTIMORE, Justice.

This is an appeal from a judgment for plaintiff, after verdict, for damages in negligence in handling a shipment of cattle. The petition also alleged delay, but the jury verdict negatived that ground of recovery.

The first proposition urged is that the court erred in allowing appellee to show the cattle were shipped without a caretaker. The petition alleged such shipment. Appellant's answer alleged that a caretaker accompanied the shipment. The bill of lading provided a printed form to be filled out in cases of caretaker shipments. This was not filled out, but the bill of lading had on it a pencil notation "caretaker to Weatherford." It was not error to permit the shipper to testify that he did not state to appellant that he would furnish a caretaker, and did not know how the notation got on the bill of lading. The furnishing of a caretaker does not alter the contract. Chicago, R. I. & P. Ry. Co. v. Mitchell, (Tex. Civ. App.) 85 S. W. 286. It does change the application of rules of proceeding with the proof as far as presumptions arising from delivery in bad condition are concerned. St. Louis & S. F. Ry. Co. v. Franklin, 58 Tex. Civ. App. 41, 123 S. W. 1150. In this case, no presumptions are claimed except as to the handling of the cattle in Fort Worth after they passed Weatherford, so that no surprise could have been occasioned by such testimony. As to the remainder of the journey, the appellee introduced actual evidence of negligence.

What is above said also overrules the assignment that the court erred in placing the burden of proof on appellant in the special issue inquiring whether the contract was one for a caretaker. If error, it was harmless.

The appellee alleged the cattle cars were transported at the front end of the train. Evidence, objections to which were overruled, was that on the trip from Sweetwater to Fort Worth these cars were in the rear end. There is no evidence or claim that the ride at the rear end of the train was rougher than at the front end, and it is not claimed that any injury resulted from this evidence other than normal surprise to appellant. The train operatives of that leg of the journey were present and testified. We cannot see how the evidence might have prejudiced appellant's case as here presented. The assignment is overruled.

The destination of the cattle was Herman, Tex. This is a rural switch, with only cattle loading pens and a section house to give it metropolitan caste. There was no market there for these cattle. The ranch foreman, who handled the cattle there on and after arrival, testified that these cattle were stockers, and that the injuries received by them depreciated their value $5 per head. The answer was given in response to a qualifying question. The court overruled the objection, and, when appellee began further questions to show the witness' qualifications to testify, appellant cut counsel off with the assurance that the witness had answered. The witness was cross-examined, and, being pressed by appellant, said that his testimony as to depreciation was a guess. Appellant moved to strike his testimony. In the first place, all expert testimony as to value is a guess, in the sense that the value is estimated. The matter must be left largely to the trial judge who is in a position to gauge the witness better than we. Moreover, the motion to strike all the testimony of the witness was plainly not sustainable.

The testimony of George Stinson, that some of these cows were sold in March, 1931 or 1932, for $35 per head, should have been excluded; the shipment sued on having terminated in March, 1931. Missouri, K. & T. Ry. Co. v. Mulkey (Tex. Civ. App.) 159 S. W. 111. However, this testimony was only cumulative, and the estimate of damages which the jury might have drawn therefrom must have been smaller than any of the other testimony of damages. The verdict of $230 is much smaller than any based on Stinson's testimony. The error was harmless.

We observe that the original exhibits are in the statement of facts without any order authorizing such appearing in the transcript or elsewhere. Article 2239, Rev. St., as amended by Acts 1931, 1st Called Sess., p. 75, c. 34, § 3 (Vernon's Ann. Civ. St. art. 2239). We have declined to consider these exhibits other than as statements therefrom are agreed on in the briefs, believing that the practice of sending up original exhibits is one which should have the careful supervision of the

trial judge, and be restricted to cases where it is impractical to make copies of same.

■ This case is typical of our reasons. These bills of lading printed on both sides are pasted onto a sheet in the statement. They are difficult to get to, and the portion of the exhibit which is pasted to the sheet is forever lost. Exhibits, when sent up in the original form, should be inclosed in a sealed container, and the container attached in some secure manner to the statement of facts. The exhibits may be needed again, and reporters are responsible for them when they are received in evidence, a responsibility which is violated when they are mutilated or are carelessly and unnecessarily bandied about in the hands and offices of those to whom their safety is not committed by law.

The judgment of the trial court is affirmed.